# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Edmond E. Chang | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 4843 | **DATE** | July 2, 2012 |
| **CASE TITLE** | Rinaldo Bankston (#2011-1118066) vs. Tom Dar, et al. | | |

**DOCKET ENTRY TEXT**

As explained in the Statement below, Plaintiff's motion for leave to proceed *in forma pauperis* [3] is denied without prejudice and the case is dismissed without prejudice. To proceed with this case, Plaintiff must, on or before August 3, 2012: (1) submit a complete *in forma pauperis* application or pre-pay the $350 filing fee; and (2) submit an amended complaint that states a valid claim. To track the case, a status hearing is set for August 7, 2012, at 9 a.m. The Clerk is directed to send Plaintiff an *in forma pauperis* application and an amended complaint form. Civil case terminated.

■[ For further details see text below.]  Docketing to mail notices.

# STATEMENT

Plaintiff Rinaldo Bankston, a Cook County Jail pretrial detainee, has filed this 42 U.S.C. § 1983 civil rights action, alleging that he is being transported on buses from the Jail to the Maybrook Courthouse without a seatbelt, purportedly in violation of Illinois seatbelt laws. Plaintiff states that he suffers from degenerative joint disease and uses a cane. He further states that the buses used for transporting pretrial detainees are very old and do not have seatbelts. The complaint describes one incident on April 11, 2012, where the driver of his bus made a turn, causing Plaintiff to slide off his seat, his complaint centers on Sheriff Tom Dart's responsibility to update the jail's buses to include seatbelts because Plaintiff fears for his future safety.

Plaintiff seeks to file his complaint *in forma pauperis*. His application, however, is incomplete, as it does not contain a copy of his trust fund account statement. Under the Prison Litigation Reform Act, an inmate must pay the $350 filing fee. If he cannot afford to pre-pay the fee, he may seek leave to proceed *in forma pauperis* to pay the fee with monthly deductions from his prison trust fund account. This District's *in forma pauperis* form requires inmates not only to obtain a certificate stating the amount of money they have on deposit in their prison or jail trust fund account, but also requires them to "submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). No jail trust fund account statement was included with Plaintiff's application. It is true that he submitted a certification from a correctional worker who affied that Plaintiff currently has no money in his account and no deposits in the past 6 months. But that does not necessarily establish that Plaintiff, sometime within the past 6 months, had a non-zero balance in his account (as distinct from *currently* having no funds and as distinct from zero *deposits*). *See* § 1915(b)(1)(B). It is very likely that Plaintiff does qualify as indigent, but § 1915(a)(2) requires the submission of the certified account statement. Accordingly, the current application is denied without prejudice to Plaintiff submitting a completed application by August 3, 2012. The Clerk shall forward an *in forma pauperis* application to Plaintiff.

Additionally, on the merits, Plaintiff's complaint is dismissed without prejudice. Generally speaking, without more specific *factual* allegations (as distinct from conclusory legal-elements allegations) from which to

| STATEMENT |
|---|

infer deliberative indifference, courts have rejected seatbelt claims such as the one advanced by Plaintiff here. *Goods v. Navarro*, No. 09 C 7406, 2012 WL 1021807 at *3, n.1 (N.D. Ill. Mar. 26, 2012) (Pallmeyer, J.) ("transporting a prisoner without a seatbelt does not establish deliberate indifference without additional evidence of purposeful, reckless action by the transporting officer") (citing *Taylor v. Stateville Dep't of Corr.*, No. 10 C 3700, 2010 WL 5014185 at *1–2 (N.D. Ill. Dec.1, 2010) (Coleman, J.) (discussing case law from federal courts throughout the country on this point); *Dexter v. Ford Motor Co.*, 92 Fed. Appx. 637, 641 (10th Cir. 2004) (failure to seatbelt inmates does not itself expose inmates to a risk of constitutional dimension) (unpublished); *see also Spencer v. Knapheide Truck Equipment Co.,* 183 F.3d 902, 907 (8th Cir. 1999) (purchase of patrol wagons without seatbelts does not constitute a deliberate indifference to a serious risk of safety). It is also significant that Illinois law generally does not require seatbelts for school bus passengers or back seat passengers. 65 ILCS 5/11-40-2a (student-transport vehicles); 625 ILCS 5/12-807 (seat belt required for school bus *driver*); *cf.* 625 ILCS 5/12-603.1(b)(11) (back seat passengers of taxicabs not required to wear seat belt). Of course, an overly permissive state law could not trump a valid federal constitutional claim, but the fact that the State does not require seat belts for bus passengers in the general public undermines the complaint's allegation that Defendants are deliberately indifferent to his safety. *Cf., Carroll v. DeTella*, 255 F.3d 470, 472-73 (7th Cir. 2001) (prison authorities are not constitutionally liable for failing to provide water cleaner than what is used by general public).

      To be sure, an allegation—more precisely, a *factual* allegation—that the transporting officer drove recklessly with knowledge that an inmate was cuffed and without a seatbelt might support a claim of deliberate indifference. *See Brown v. Missouri Dep't. of Corrections*, 353 F.3d 1038, 1040 (8th Cir. 2004) (deliberate indifference claim adequate where plaintiff alleged that officers failed to fasten an available seatbelt for a shackled inmate and the driver drove recklessly at 70-75 miles per hour). Although Plaintiff notes one incident where he slid off his seat when the driver turned, there are no factual allegations from which to infer that the driver was deliberately indifferent to a serious risk of harm (that is, the driver consciously disregarded a known risk of serious harm). Plaintiff's complaint fails to state a claim upon which relief can be granted and is dismissed without prejudice to submitting a claim by August 3, 2012. He should be aware, however, that even if the amended complaint states a valid claim, and even if he files a satisfactory *in forma pauperis* application, funds from his trust account will continually be drawn upon until the entire $350 is paid as required by law, 28 U.S.C. § 1915(b)(2). If Plaintiff does file an amended complaint, he should include a judge's copy and a copy for each Defendant.